# In the United States Court of Federal Claims

No. 17-855C

(Filed: June 24, 2021)

(NOT TO BE PUBLISHED)

| | |
|---|---|
| **HAHNENKAMM, LLC**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES**, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Roger J. Marzulla, Marzulla Law LLC, Washington, D.C. for plaintiff. With him on briefs was Nacie G. Marzula, Marzulla Law LLC, Washington, D.C.

Geoffrey M. Long, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C. for defendant. With him on briefs were Brian M. Boynton, Acting Assistant Attorney General, Martin F. Hockey, Jr., Acting Director, Patricia M. McCarthy, Assistant Director, and Erin Murdock-Park, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., as well as Marissa Suarez and Joshua Rider, Office of the General Counsel, United States Department of Agriculture, San Francisco, California.

## ORDER

LETTOW, Senior Judge.

Pending before the court is plaintiff's motion in limine, seeking to exclude expert witness testimony as irrelevant, cumulative, and undisclosed. *See* Pl.'s Mot., ECF No. 81. Plaintiff moves to exclude the expert testimony of Rosena McAuliffe and Kimberley Brower because they were not properly disclosed pursuant to Rule 26(a)(2)(C) of the Rules of the Court of Federal Claims ("RCFC"). *See* Pl.'s Mot.[1] Plaintiff asks the court to "exclude McAuliffe's and

---

[1] Plaintiff also challenged the opinion testimony of Daniel Leck and Lance Doré. *See* Pl.'s Mot. at 7-16. Although the United States had included Mr. Leck and Mr. Doré on its initial Witness List, *see* ECF No. 75, and had belatedly designated them as experts, both were omitted from the United States' amended witness list, *see* ECF No. 88. The United States confirmed at

Brower's opinion testimony unless and until the Government provides a statement of the subject matter and a summary of the facts and opinions each is expected to testify to and makes them available for a deposition to explore their opinions." *Id.* at 18. The government states both Ms. McAuliffe and Ms. Brower are contemporaneous fact witnesses and "[t]o the extent they might be considered expert witnesses, [defendant has] properly disclosed their opinions and bases for them." Def.'s Resp. at 1, ECF No. 87. Plaintiff submitted a reply, *see* ECF No. 93, and the court held a hearing on June 21, 2021.

The government's first argument—that Ms. McAuliffe and Ms. Brower are exclusively fact witnesses—fails to persuade. Rule 701 of the Federal Rules of Evidence states that lay witness testimony cannot be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Testimony of an expert witness, by contrast, can take "the form of an opinion or otherwise if . . . the expert's scientific, technical, or otherwise specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.[2] The government provides that Ms. McAuliffe will testify as to "the planning for, conduct of, and review of the two appraisals conducted for the acquisition, as well as communications with Hahnenkamm, appraisers, and other[s] relating to those appraisals" including "her opinions reached in the process of reviewing the two appraisals . . . and the bases for those opinions." Def.'s Am. Witness List, ECF No. 88. Ms. Brower's testimony would likewise include "her opinions reached in the process of reviewing the two appraisals . . . and the bases for those opinions." *Id.* The government indicated during the hearing that the bases for those opinions would include discussion of Yellow Book requirements.[3] While Ms. McAuliffe's and Ms. Brower's testimony will likely include factual information, their discussions of their professional assessments on regulatory requirements go beyond opinions "rationally based on the witness's perception," Fed. R. Evid. 701, but rather require "specialized knowledge" based on their "knowledge, skill, experience, training, or education," Fed. R. Evid. 702, and therefore must comply with Federal Rule of Evidence 702 and RCFC 26(a)(2)(C).

RCFC 26(a)(2)(C) governs disclosure of expert testimony when the witness does not provide a written report. *See* RCFC 26(a)(2)(C). The party presenting such a witness must submit a disclosure that states "the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" as well as "a summary of the facts and opinions to which the witness is expected to testify." *Id.* The rule provides that the

_____

the hearing that it did not intend to call Mr. Leck or Mr. Doré at trial. Therefore, the courts DENIES AS MOOT plaintiff's challenge as to the testimony of Mr. Leck and Mr. Doré.

[2] An expert witness also must be appropriately qualified as an expert and any testimony must meet the other requirements specified in Rule 702. *See* Fed. R. Evid. 702.

[3] The Yellow Book is the colloquial name for the *Uniform Appraisal Standards for Federal Land Acquisitions*, a document that sets forth standards to "guide[] the appraisal process in the valuation of real estate in federal acquisitions" and seeks to "to promulgate uniform, fair, and efficient appraisal standards." Interagency Land Acquisition Conference, *Foreward* to *Uniform Appraisal Standards for Federal Land Acquisition* 1 (2016).

disclosure must occur "at least 90 days before the date set for trial" or as otherwise provided by court order. RCFC 26(a)(2)(D).[4] The government argues that Ms. McAuliffe's and Ms. Brower's testimony has been properly disclosed. Def.'s Resp. at 13-16. Specifically, the government cites its supplemental disclosures, filed June 9, 2021, stating that Ms. McAuliffe and Ms. Brower would testify as to information contained within letters provided to plaintiff in 2015. *Id.* at 14-15. While the disclosures were not provided 90 days before trial as required by RCFC 26(a)(2)(D), the cursory reference to letters additionally does not meet the specificity required in RCFC 26(a)(2)(C).

The court next must determine the appropriate course of action to remedy the government's deficiency. In interpreting RCFC 26(a), this court has noted that "exclusion is mandatory . . . unless the offending party can show that its violation . . . was either justified or harmless." *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 221, 226 (2010) (omitting citations discussing the Federal Rules of Civil Procedure's counterpart to RCFC 26). Preclusion, however, "is not strictly a mechanical exercise," but one that permits the court "some discretion." *Id.* (quoting *Jackson v. Harvard Univ.*, 900 F.2d 464, 468-69 (1st Cir. 1990)) (internal quotation marks omitted). To determine whether the violation was justified or harmless, the court can look to "an array of factors, including (1) the surprise to the party against whom the witness was to have testified, (2) the ability of that party to cure that surprise, (3) the extent to which allowing testimony would disrupt the trial, (4) the explanation for the late disclosure, and (5) the proponent's need for the challenged testimony." *Id.* at 227. In short, "[w]hether exclusion as a sanction should be imposed . . . turns on the government's explanation" for its failure to comply with the rule. *CCA Assocs. v. United States*, 87 Fed. Cl. 715, 719 (2009).

The court does not believe that exclusion is mandatory in this case. Plaintiff was aware that the government intended to present Ms. McAuliffe's and Ms. Brower's testimony. Counsel for the government provided, by email on March 26, 2021, that Ms. McAuliffe would testify "not just that she drafted the report, but that she was correct in her conclusions as expressed therein." Def.'s Resp. Appx. 84. Ms. Brower's testimony, while "more limited in scope," would be "similar to [that of] Ms. McAuliffe." *Id.* Plaintiff can claim some level of surprise that it did not have a full summary of the subject matter and facts to which the witnesses would testify, particularly given that this information was not provided before plaintiff deposed Ms. McAuliffe and Ms. Brower as fact witnesses in August 2018. However, the government stated at the hearing that Ms. McAuliffe's testimony is central to the government's case as she is the official who conducted and signed the Correlated Appraisal Review Report that set the government's offering price for Hahnenkamm's property. *See id.* Appx. 24-38. The government has not demonstrated the same level of need for Ms. Brower's expert testimony. Finally, the court believes any surprise to plaintiff as to Ms. McAuliffe's testimony can be remedied prior to trial through proper disclosures and the opportunity for plaintiff to depose Ms. McAuliffe.

---

[4] Trial is currently scheduled to occur on July 19 through 23, 2021. Plaintiff noted during the hearing that it was amendable to waiving this 90-day requirement provided that the government provide appropriate disclosures and the opportunity to depose the witnesses prior to trial.

Thus, because the court finds that the government did not properly comply with Rule 26(a)(2)(C), plaintiff's motion is GRANTED IN PART. Ms. McAuliffe may testify as an expert witness if the government provides plaintiff with a complaint disclosure pursuant to Rule 26(a)(2)(C) and plaintiff has an opportunity to re-depose Ms. McAuliffe. Any deposition must be scheduled for at least four days before the trial scheduled to begin on July 19, 2021. Ms. Brower is remitted to testifying only as a fact witness.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge